IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KANA ENERGY SERVICES, INC.,**<br>*Plaintiff*,<br><br>v.<br><br>**SHUJUN "STEVEN" LIU AND TDS EQUIPMENT AND SERVICE, INC.,**<br>*Defendants*<br><br>---<br><br>**SHUJUN "STEVEN" LIU AND TDS EQUIPMENT AND SERVICE, INC.,**<br>*Counter-Plaintiffs,*<br><br>v.<br><br>**KANA ENERGY SERVICES, INC. AND GUIMING "GAVIN" LIU, individually**<br>*Counter-Defendants* | **Case No.** _____ |

## NOTICE OF REMOVAL

Defendants Shujun "Steven" Liu ("Steven Liu") and TDS Equipment and Service, Inc. ("TDS") (collectively, "Defendants") file this Notice of Removal and respectfully show the following:

### I.  STATE COURT CASE

1. The above-styled cause was initially brought on October 17, 2025, in the 295th Judicial District Court of Harris County, Texas, under Cause No. 2025-79763, *Kana Energy Services, Inc. v. Shujun "Steven" Liu and TDS Equipment and Service, Inc.*, in which Plaintiff Kana Energy Services, Inc. ("Plaintiff") asserted claims against Defendants for theft or misappropriation of trade secrets, tortious interference with contracts, and conspiracy to

misappropriate trade secrets and tortiously interfere with contracts. Specifically, Plaintiff claims that Defendants' manufacture and sale of certain blowout preventers ("BOPs") are a result of Defendants having allegedly misappropriated Plaintiff's "trade secrets" which are reflected in Plaintiff's U.S. Design Patent No. D915,556 (the "'556 Patent").

2. Defendants filed their First Amended Answer, Affirmative Defenses, and Counterclaims against Plaintiff and Guiming "Gavin" Liu ("Gavin Liu") on February 6, 2026, asserting counterclaims for a declaration of non-infringement of Plaintiff's "'556 Patent", tortious interference with existing business relations, tortious interference with prospective economic advantages, defamation and defamation *per se* (both brought solely on behalf of Steven Liu), and business disparagement (brought solely on behalf of TDS).

## II.   PARTIES

3. Plaintiff Kana Energy Services, Inc. is a Texas resident, having been incorporated under Texas law and having its principal place of business in Texas.

4. Defendant Shujun "Steven" Liu is an individual residing in Harris County, Texas, and in China.

5. Defendant TDS Equipment and Service Inc. is a Texas resident, having been incorporated under Texas law and having its principal place of business in Texas.

6. Counter-Defendant Guiming "Gavin" Liu is an individual residing in Fort Bend County, Texas.

## III.   JURISDICTION

7. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1338 because this is a civil action arising under an Act of Congress relating to a patent. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, . . . "). Therefore, this case is removable pursuant

to 28 U.S.C. §§ 1454 (allowing removal of an action relating to patents to be made by any party in accordance with 28 U.S.C. § 1446) in accordance with 1446.

8. This Court also has supplemental jurisdiction over any claims of unfair competition that are substantially related to the patent claims. *See* 28 U.S.C. § 1338(b) ("The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.").

9. Moreover, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any other claims that form part of the same case or controversy as Plaintiff's claims under federal antitrust and/or unfair competition law. *See* 18 U.S.C. § 1367(a) (a district court with original jurisdiction "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," including "claims that involve the joinder or intervention of additional parties.").

## IV.    TIMELINESS

10. Pursuant to 28 U.S.C. § 1454(b), the time limitations imposed by 28 U.S.C. § 1446(b) within which removal must occur do not apply here. Nonetheless, thirty days have not elapsed since Plaintiff was first served with Defendants' First Amended Answer, Affirmative Defenses, and Counterclaims on February 6, 2026, which includes, among other claims, a request for a declaratory judgment of non-infringement of the '556 Patent. Therefore, to the extent 28 U.S.C. § 1446(b) might apply, this Notice of Removal is timely and proper.

## V.    ATTACHMENTS

11. Attached as Exhibit 1 to this Notice of Removal are the following:

- Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction and Proposed Order;

- Plaintiff's First Amended Petition and Application for Temporary Restraining Order and Temporary Injunction with Proposed Order and Exhibits 1–5;

- Signed Temporary Restraining Order & Order Setting Hearing for Temporary Injunction;

- Plaintiff's Exhibit List for Temporary Injunction Hearing with Exhibits 1–20;

- Plaintiff's Initial Proposed Order for Temporary Injunction Hearing;

- Order Granting Temporary Injunction;

- Return of Service of Temporary Restraining Order & Order Setting Hearing for Temporary Injunction on Defendant Steven Liu;

- Defendants' Original Answer;

- Scheduling and Docket Control Order;

- Defendants' First Amended Answer and Original Counterclaims with Exhibit A – '556 Patent;

- Docket sheet; and

- List of all counsel of record, including addresses, telephone numbers, and parties represented.

12. A copy of this Notice of Removal is also being filed in the 295th Judicial District Court of Harris County, Texas, under Cause No. 2025-79763, and all counsel of record will be served with copies.

For these reasons, Defendants respectfully request that the above action, now pending in the 295th Judicial District Court of Harris County, Texas, under Cause No. 2025-79763, *Kana Energy Services, Inc. v. Shujun "Steven" Liu and TDS Equipment and Service, Inc.*, be removed therefrom to this Court, and for all other relief to which Defendants may be entitled.

DATED: February 9, 2026　　　Respectfully submitted,

By: */s/ Jennifer M. Rynell*
John T. Wilson
State Bar No. 24008284
Jennifer M. Rynell
State Bar No. 24033025
Leigh Caudle Whitaker
State Bar No. 24094260
Kayla B. Holderman
State Bar No. 24137963
**WILSON WHITAKER RYNELL**
Wilson Legal Group P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wwrlegal.com
**Attorneys for Defendants Shujun "Steven" Liu and TDS Equipment and Service Inc.**

## CERTIFICATE OF SERVICE

On February 9, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jennifer M. Rynell*
Jennifer M. Rynell